

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 5:19-712-MGL-1 |
| | § |
| RYAN KEITT ISIAH FULLER, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

### I.     INTRODUCTION

Pending before the Court is Defendant Ryan Keitt Isiah Fuller's (Fuller) pro se motion to reduce his sentence due to the COVID-19 pandemic. Having carefully considered the original motion, the renewed motion, the government's response, the record, and the applicable law, it is the judgment of the Court Fuller's motion to reduce his sentence will be denied.

### II.    FACTUAL AND PROCEDURAL HISTORY

On September 21, 2020, Fuller pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 846. On March 2, 2021, the Court sentenced him to a term of 108 months of imprisonment and a five-year term of supervised release with standard and special conditions.

Fuller is currently housed at Federal Correctional Institution Fort Dix (Fort Dix) with a projected release date of May 12, 2027.

Fuller filed his motion on the grounds that he suffers from asthma and high body mass index, which he argues makes him susceptible to COVID-19 infection. According to the link provided by the government, at Fort Dix, 277 staff members and 3,170 inmates have been vaccinated. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Aug. 25, 2022). And, Bureau of Prisons (BOP) continues to provide access to vaccines as needed, including eligibility for COVID-19 booster shots. *Id*. There are currently no active inmate COVID-19 cases at this facility, but it is classified as a Level 2 facility, meaning it has "[m]oderate" COVID-19 modifications. *Id.*

The Clerk's Office docketed Fuller's original motion for compassionate release on February 4, 2022. The government responded. The Court dismissed without prejudice to allow Fuller to exhaust his remedies. Fuller filed this renewed motion on June 13, 2022. The Court declined to require a supplemental response from the government—although it presented an opportunity for the government to file such a response—relying instead on its response to the original motion. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.    STANDARD OF REVIEW**

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86

(4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

## IV.     DISCUSSION AND ANALYSIS

As an initial matter, Fuller has now exhausted his administrative remedies. The Court thus turns to the merits of his motion.

### A.     *Whether Fuller presents extraordinary and compelling reasons due to COVID-19 warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Fuller posits the COVID-19 pandemic constitutes extraordinary and compelling reasons for his release. The government, however, points to the BOP's COVID-19 response and Fuller's lack of personal risk to contend that compassionate release is unwarranted.

As the government avouches, the BOP has administered over 325,000 doses of the vaccine. Fuller himself has received the Pfizer vaccine. Although the Fourth Circuit has so far failed to establish a *per se* rule that availability of the vaccine precludes compassionate release, the Court

3

considers it as a factor that weighs against release. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (holding extraordinary reasons nonexistent when the COVID-19 vaccine is available to the defendant).

And, there are currently no active inmate cases at Fort Dix, even though Fuller alleges the conditions there are untenable. Fuller even notes that inmates at Fort Dix are separated by vaccination status, further decreasing his own risk. The Court thus identifies no particularized risk to Fuller based on his placement at Fort Dix.

Further, Fuller's supposed health conditions fail to create extraordinary and compelling reasons. First, Fuller's medical records fail to support his allegation. Although his records indicate he has asthma, they note he has not used an inhaler for decades. And, Fuller's medical records fail to indicate that he takes a corticosteroid medication, as he asserts in his motion.

Moreover, even if his asthma, asthma medication, or body mass index elevate his risk for COVID-19 infection, Fuller has failed to show a particular susceptibility to serious illness or death from contracting the virus, especially with the added protection of the vaccine. *See United States v. Hargrove*, 30 F.4th 189, 198 (4th Cir. 2022) (holding district court exercised proper discretion by denying compassionate release because, under the totality of the circumstances, defendant's health conditions, which might cause increased risk of serious illness or death from COVID-19, failed to present extraordinary or compelling reasons).

Altogether, although the risk of an inmate contracting COVID-19 and suffering adverse health consequences has certainly not disappeared, it has been greatly reduced by BOP's efforts and the prevalence of the vaccine.

Accordingly, Fuller has failed to present extraordinary or compelling reasons for a sentence reduction.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude release. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Fuller pled guilty to conspiracy to distribute a controlled substance, a serious offense. Fuller has a significant criminal history, including prior drug convictions. As described in the presentence investigation report (PSR), Fuller's offenses occurred while on supervised release for another conviction. Although Fuller did aid law enforcement after his arrest, the Court considered this at the time of sentencing. And, the Court considered Fuller's childhood asthma, which was noted in the PSR.

Overall, Fuller's 108-month sentence is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted).

The balance of the factors is unchanged since his sentencing and fail to warrant relief. Accordingly, the Section 3553(a) factors also weigh against a reduced sentence.

### V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Fuller's renewed motion for compassionate release, ECF No. 548, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 6th day of Septembr 2022, in Columbia, South Carolina.

                                               s/ Mary Geiger Lewis
                                               MARY GEIGER LEWIS
                                               UNITED STATES DISTRICT JUDGE